UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERARDO ARIAS, Plaintiff, | § § § § | CIVIL ACTION NO. 4:19-cv-01635 |
| vs. | § § § § | JUDGE CHARLES ESKRIDGE |
| ZACHRY LLC, ZACHRY INDUSTRIAL INC, and OLIN CORPORATION, Defendants. | § § § § § | |

**OPINION AND ORDER ON
DISMISSAL WITHOUT PREJUDICE**

Before the Court is a motion by Plaintiff Gerardo Arias to remand this action to state court. Dkt 10. Arias requests in the alternative to dismiss his suit under Federal Rule of Civil Procedure 41(a)(2). Ibid.

The Court finds dismissal appropriate. All claims against Defendants Olin Corporation, Zachry LLC, and Zachry Industrial Inc are dismissed without prejudice.

1. Background

Arias alleges that while working at Defendant Olin Corporation's plant in Freeport a line became pressurized, causing an explosion that injured him. Arias claims that a faulty system implemented by Olin caused the pressurization. Dkt 1-4 at 1.

Arias brought action claiming negligence and gross negligence against Olin and the Zachry entities. Arias is a Texas citizen. The Zachry entities are Texas companies. Olin is not.

Olin removed this case to federal court on assertion of diversity jurisdiction and sought to dismiss the Zachry entities as

improperly joined. Dkt 1 at ¶ 3; see 28 USC § 1332(a). Arias opposed this. The parties dispute whether the Zachry entities played any role in the employment of Arias or otherwise have any meaningful connection to this action.

2. Legal Standard

The question would be one of improper joinder, were the Court to reach it. For on the one hand, if the Zachry entities are properly joined, diversity jurisdiction does not exist. And on the other, if they are not viably part of this case, this Court's jurisdiction is clear.

Perhaps sensing unstable ground in this respect, Arias in the alternative asks to voluntarily dismiss his entire action without prejudice. Dkt 10 at 7. Rule 41(a)(2) provides that after a defendant has filed an answer, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Any such dismissal is without prejudice, unless the trial court specifies otherwise. Ibid.

The Fifth Circuit instructs that "as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *United States ex rel Vaughn v United Biologics LLC*, 907 F3d 187, 196–97 (5th Cir 2018) (quotations omitted). Examples of sufficient prejudice include dismissals at a late stage of pretrial proceedings, especially when seeking to avoid an imminent adverse ruling. *In re FEMA Trailer Formaldehyde Products Liability Litigation*, 628 F3d 157, 162 (5th Cir 2010). That a plaintiff "may gain a tactical advantage by dismissing its suit without prejudice and refiling in another forum is not sufficient legal prejudice." *Bechuck v Home Depot USA Inc*, 814 F3d 287, 299 (5th Cir 2016) (quotations omitted).

3. Analysis

Olin expresses concern only that Arias will simply sue it again in state court—necessitating removal and a subsequent do-over fight on a subsequent remand. But Olin cites no cases in support, which appear to be uniformly against it: "The 'mere prospect of a second lawsuit' is an insufficient reason to deny a motion for

voluntary dismissal." *Scarlott v Ocwen Loan Servicing LLC*, 2014 WL 1795243, *4 (SD Tex), quoting *Elbaor v Tripath Imaging, Inc*, 279 F3d 314, 317 (5th Cir 2002).

The Fifth Circuit has observed, "The primary purpose of this rule is to avoid voluntary dismissals which unfairly affect the other side." *Harris v Devon Energy Product Co*, 500 F App'x 267, 268 (5th Cir 2012) (quotations omitted). The passage of time until this ruling is of some concern. But the Court finds no delay attributable to Arias.

Olin removed the action here on May 3, 2019. Arias sought remand or dismissal on June 3rd. This was prior even to the filing of the joint discovery and case management plan on August 6th. And more meaningfully, it was well in advance of a pending motion for summary judgment by Olin on September 26th. Dkt 18. The action was then reassigned to this Court on November 4th—on or around which day the Court also received over three hundred other cases.

With the case pending in federal court for only one month before Arias sought dismissal, the Court cannot find any inappropriate delay. Likewise, the request for dismissal was not brought to avoid any ruling on summary judgment. And as to the pertinent question of *legal prejudice*, the caselaw is clear that "the principle of avoidance of another lawsuit" does not justify denying a motion to dismiss or conditioning it on dismissal with prejudice. For instance, see *Scarlott*, 2014 WL 1795243 at *4 (collecting cases).

Rule 41(a)(2) provides that any dismissal shall be "on terms that the court considers proper." The Court is not insensitive to Olin's concerns. Dismissal here thus comes with the following conditions and warnings.

*First*, should Arias file another action in federal court based generally on the same set of operative facts alleged in this case, or should he commence such an action in state court and that action is subsequently removed to federal court, the parties must designate the new action as a *related case* to the instant action for assignment to this Court. See *Scarlott*, 2014 WL 1795243 at *5.

*Second*, Arias must strictly adhere to the requirements of Rule 11 on any action he refiles either here or in state court. This Court has previously noted that the question of improper joinder (which previously was known as *fraudulent joinder*) indicates the limits of Rule 11 might be near. *Harwin Braxton Centre Inc v AmGuard Insurance Co*, no 4:19-cv-03175, Dkt 30 at *9 (SD Tex 2020). Arias should keep this in mind.

*Third*, to the extent a related new case finds its way back to this Court and is subsequently dismissed on the merits, the Court will entertain a motion by Defendants to assess attorney fees against Arias as supported by applicable law. See *Scarlott*, 2014 WL 1795243 at *5.

4. Conclusion

The action is DISMISSED WITHOUT PREJUDICE subject to the above terms and conditions.

SO ORDERED.

Signed on March 6, 2020, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge